JUSTICE GRAY,
dissenting.
I dissent from the Court’s opinion and order and its reinstatement of its prior opinion in this case. My dissent is based on the procedures used by the Court in addressing the United States Supreme Court’s vacating of our earlier opinion and remanding for our reconsideration based on its decision in Allied-Bruce Terminix Cos. v. Dobson (1995), 513 U.S._, 115 S.Ct. 834, 130 L.Ed.2d 753. I also dissent from the Court’s conclusion that nothing in the Dobson case relates to the issues presented to this Court. In dissenting, I also reaffirm and reinstate my earlier dissent in this case.
A remand for reconsideration to this Court from the United States Supreme Court is an uncommon occurrence for which we have no procedural rules or practices in place. Counsel for the parties were left without guidance as to how they should proceed in order to be heard during this phase of the case. Counsel for the defendants/respondents requested the opportunity to brief the issues raised by the United States Supreme Court’s remand and to present oral argument. Without so much as a mention of this request, the Court apparently denies it. While one can only speculate on the reasons for such an implicit decision, one must assume that the Court is simply unwilling to consider any analysis that would require a change in the result it remains determined to reach. I cannot join in such an *10 arrogant and cavalier approach to this important case on remand from the United States Supreme Court.
More importantly, I disagree with the Court’s conclusion that nothing in Dobson relates to the issues before us. While I agree that the substantive issue addressed at length in Dobson is not before us here, I read more importance into the early language in Dobson than does the Court. In Dobson, the United States Supreme Court reiterates the fundamental premise of the Federal Arbitration Act by citing to Volt, the very case which this Court erroneously interprets and on which it premises its erroneous decision, for the proposition that “the basic purpose of the Federal Arbitration Act is to overcome courts’ refusals to enforce agreements to arbitrate.” Dobson, 513 U.S. at_, 115 S.Ct. at 838; citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ. (1989), 489 U.S. 468, 474, 109 S.Ct. 1248, 1253, 103 L.Ed.2d 488. The Supreme Court goes on to say that “[n]othing significant has changed in the 10 years subsequent to Southland; no later cases have eroded Southland’s authority[.]” Dobson, 513 U.S. at_, 115 S.Ct. at 839. It is this latter statement on which I believe we must focus in reconsidering our decision here. The Court refuses to do so.
I continue to believe that this Court erroneously interprets Volt, which was decided by the Supreme Court five years after Southland. Volt is clearly distinguishable on its facts from the case before this Court and cannot properly serve as a basis for the result the Court reaches. Volt is neither inconsistent with, nor a retrenchment from, Southland, as this Court suggested in its earlier opinion and suggests again today. This is the message I take from the Supreme Court’s statement in Dobson that “no later cases have eroded Southland’s authority;” this is the portion of this Court’s earlier opinion to which I believe the Supreme Court was directing our attention on remand.
For the reasons stated in my earlier dissent, it is my view that application of Montana’s notice statute is preempted by the Federal Arbitration Act in this case because application of that statute undercuts, undermines and renders unenforceable the parties’ agreement to arbitrate. This view is entirely consistent both with Southland and with a proper interpretation of Volt. Therefore, I dissent from the Court’s opinion and order and reinstate my prior dissent in this case.
CHIEF JUSTICE TURNAGE and JUSTICE WEBER join in the foregoing dissent of JUSTICE GRAY.